Board of Mgrs. of the 51 Jay St. Condominium v 201 Water St., LLC

2026 NY Slip Op 02813

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Board of Managers of the 51 Jay Street Condominium, plaintiff,

v

201 Water Street, LLC, et al., defendants third-party plaintiffs-appellants; DCHM, etc., et al., third-party defendants-respondents, et al., third-party defendants (and another third-party action).

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2024-11113, (Index No. 500191/20)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Lillian Wan

Laurence L. Love, JJ.

Braverman Greenspun, P.C., New York, NY (Jon Kolbrener of counsel), for defendants third-party plaintiffs-appellants.

Gallo Vitucci Klar LLP, New York, NY (C. Briggs Johnson and Sean Hughes of counsel), for third-party defendants-respondents DCHM, Danya Cebus Construction, LLC, and Hudson Meridian Construction Group, LLC.

Marshall Dennehey, P.C., New York, NY (Diane K. Toner, Jack J. Yau, and Allison A. Snyder of counsel), for third-party defendant-respondent Versatile Mechanical Services Corporation.

Hall Booth Smith, P.C., New York, NY (Matthew J. Koster of counsel), for third-party defendants-respondents Countrywide Stone & Marble, Inc., and Daylite Window Repair Services, Inc.

Ahmuty, Demers & McManus, Albertson, NY (Nicholas P. Calabria and Timothy J. Layer of counsel), for third-party defendant-respondent VIS Industries.

Gfeller Laurie LLP, New York, NY (Mark D. Shifton and Madison Calkins of counsel), for third-party defendant-respondent Bay Restoration Corp., incorrectly sued herein as Day Restoration Corp.

Fuchs Rosenzweig PLLC, New York, NY (David A. Visco, Cheryl Fuchs, and Jessica Suleymanov of counsel), for third-party defendant-respondent Red Hook Construction Group II, LLC.

Callahan & Fusco, LLC (Kenneth J. Gorman, New York, NY, of counsel), for third-party defendant-respondent J.H. Flooring, Inc.

Devitt Spellman Barrett, LLP, Hauppauge, NY (Christi M. Kunzig of counsel), for second third-party defendant Maragos Painting, LLC.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for breach of contract, the defendants [*2]third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated September 18, 2024. The order denied the defendants third-party plaintiffs' motion for summary judgment on the third-party cause of action for contractual indemnification insofar as asserted against the third-party defendants DCHM, Danya Cebus Construction, LLC, Hudson Meridian Construction Group, LLC, Versatile Mechanical Services Corporation, Countrywide Stone & Marble, Inc., VIS Industries, Access Plumbing, Inc., Bay Restoration Corp., incorrectly sued herein as Day Restoration Corp., FSM Electrical Corp., Daylite Window Repair Services, Inc., Red Hook Construction Group II, LLC, and J.H. Flooring, Inc.

ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The underlying facts relating to this appeal are set forth in this Court's decision and order on a related appeal (see Board of Mgrs. of the 51 Jay St. Condominium v 201 Water St., LLC, ___ AD3d ___ [Appellate Division Docket No. 2021-04819; decided herewith]).

The defendants hired DCHM, a joint venture between Danya Cebus Construction, LLC (hereinafter Danya Cebus), and Hudson Meridian Construction Group, LLC (hereinafter Hudson Meridian), as the general contractor for the development of the subject condominium building. The contract between the defendants and DCHM included an indemnity provision wherein DCHM agreed to indemnify the defendants, inter alia, for claims arising out of the work performed. DCHM thereafter hired, among others, Versatile Mechanical Services Corporation, Countrywide Stone & Marble, Inc., VIS Industries, Access Plumbing, Inc., Bay Restoration Corp., FSM Electrical Corp., Daylite Window Repair Services, Inc., Red Hook Construction Group II, LLC, and J.H. Flooring, Inc. (hereinafter collectively the subcontractors), as subcontractors for the project, and the subcontracts included similar indemnity provisions.

The plaintiff commenced this action against the defendants, seeking to recover damages, inter alia, for breach of contract relating to the work performed on the project. The plaintiff alleged that the defendant 201 Water Street, LLC, breached the terms of the offering plan for the condominium, among other things, by failing to construct the building in accordance with the offering plan and because the building suffered from numerous construction defects. The defendants commenced a third-party action against, among others, DCHM, Danya Cebus, and Hudson Meridian (hereinafter collectively the general contractors), and the subcontractors. The third-party complaint asserted, inter alia, a cause of action for contractual indemnification. The defendants moved for summary judgment on the third-party cause of action for contractual indemnification insofar as asserted against the general contractors and the subcontractors. In an order dated September 18, 2024, the Supreme Court denied the motion. The defendants appeal.

"The right to contractual indemnification depends upon the specific language of the contract. The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (Sheinman-Hardes v Main 15 Lee Ltd. Partnership, 235 AD3d 683, 684 [citations and internal quotation marks omitted]).

The defendants failed to establish their prima facie entitlement to judgment as a matter of law on the third-party cause of action for contractual indemnification insofar as asserted against the general contractors and the subcontractors. The indemnity provisions in the contract between the defendants and DCHM and the subcontracts between DCHM and the subcontractors all provided indemnity, among other things, for claims arising out of DCHM's and the subcontractors' performance of their work on the building. However, the defendants failed to establish, prima facie, that the causes of action in the main action arose out of the work of the general contractors or the subcontractors or the failures of the general contractors or the subcontractors to perform the work, and thus, the defendants failed to establish that the general contractors and the subcontractors were required to indemnify the defendants pursuant to the provisions of the contract between the defendants and DCHM and the subcontracts between DCHM and the subcontractors.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment on the third-party cause of action for contractual indemnity insofar as asserted against the general contractors and the subcontractors.

BRATHWAITE NELSON, J.P., FORD, WAN and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court